8452

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) DONNA CARTER, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** |
| | ) | |
| **(1) STATE FARM MUTUAL AUTOMOBILE** | ) | |
| **INSURANCE COMPANY, a/k/a and/or d/b/a** | ) | |
| **STATE FARM MUT AUTO INS CO, a/k/a** | ) | |
| **and/or d/b/a STATE FARM INSURANCE** | ) | |
| **COMPANY, a/k/a and/or d/b/a STATE FARM,** | ) | |
| **a foreign property and casualty insurance** | ) | |
| **company, and (2) CATRYNA LEIGH BAXTER,** | ) | |
| **a/k/a CATRYNA L BAXTER a/k/a CATRYNA** | ) | |
| **BAXTER a/k/a CATRYNA LEIGH SHRUM** | ) | |
| **a/k/a KATRINA BAXTER and (3) MATHEW** | ) | |
| **ALAN BAXTER, a/k/a MATHEW A BAXTER** | ) | |
| **a/k/a MATHEW BAXTER a/k/a MAT BAXTER** | ) | |
| **a/k/a MATTHEW BAXTER and (4) JOHN** | ) | |
| **DOE, a business entity, and (5) JANE DOE,** | ) | |
| **an individual** | ) | |
| | ) | |
| **Defendants.** | ) | |

FILED
OCT 6 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

17 CV 563 CVE — FHM

## NOTICE OF REMOVAL

The Petitioner, State Farm Mutual Automobile Insurance Company ("State Farm"),

Defendant in the above-captioned case, states the following:

1.     The above-entitled cause was commenced on March 7, 2017 in the District Court of

Tulsa County, entitled *Donna Carter, an individual v. Catryna Leigh Baxter a/k/a Catryna L. Baxter*

*a/k/a Catryna Baxter a/k/a Catryna Leigh Shrum a/k/a Katrina Baxter and Mathew Alan Baxter,*

*a/k/a Mathew A. Baxter a/k/a Mathew Baxter a/k/a Mat Baxter a/k/a Matthew Baxter, and  John*

*Doe, a business entity, and Jane Doe, an individual*, Case No. CJ-2017-00866. (*See* Petition, Exhibit

1).

Fees Pd

2.      Plaintiff filed an Amended Petition on June 23, 2017, adding State Farm as a Defendant. (*See* Amended Petition, Exhibit 2).

3.      The case as stated in the original Petition and Amended Petition was not removable because Plaintiff is a citizen and resident of Oklahoma, and the individual Defendants, Catryna Baxter and Mathew Baxter are citizens and residents of Oklahoma. (*See* Petition, ¶¶ 1-3, Exhibit 1; Amended Petition, ¶¶ 1-3, Exhibit 2).

4.      On September 27, 2017, counsel for State Farm checked the OSCN Docket and discovered for the first time that Plaintiff filed on August 24, 2017 a "Dismissal With Prejudice of Defendants Catryna Baxter and Mathew Baxter Only" (hereinafter "Dismissal") (*See* Dismissal, Exhibit 7).

5.      The Dismissal filed by Plaintiff on August 24, 2017 did not include a Certificate of Service and was never served on State Farm by Plaintiff or her counsel. (*See* Dismissal, Exhibit 7). The receipt of the Dismissal by State Farm on September 27, 2017 constitutes an other paper from which State Farm first ascertained the case had become removable pursuant to 28 U.S.C. § 1446(b)(3).

6.      This Notice of Removal is filed within thirty-days (30) of September 27, 2017, the date State Farm first ascertained the case had become removable (28 U.S.C. § 1446(b)(1)), and within one year of the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

7.      State Farm's principal place of business is in the State of Illinois, and State Farm is incorporated in the State of Illinois. Plaintiff is a resident and citizen of Tulsa County, State of Oklahoma. (*See* Amended Petition, ¶ 1, Exhibit 2). Plaintiff's cause of action is for alleged breach of an automobile insurance policy and alleged breach of the implied duty of good faith and fair

2

dealing. The matter in controversy between Plaintiff and State Farm, according to Plaintiff's

demand, exceed Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interests

and costs. (*See* Plaintiff's Amended Petition, p. 4, Exhibit 2).

8.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332

(1992), by reason of the fact that this is a civil action wherein the amount in controversy, according

to Plaintiff's demands, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00),

exclusive of interest and costs and is between citizens of different states. Accordingly, this action

may be removed by State Farm pursuant to 28 U.S.C. § 1441(a).

9.      Copies of all process, pleadings, and Orders served upon and/or received by

Defendant, State Farm, have been attached hereto as follows:

Petition, Exhibit 1;

Amended Petition, Exhibit 2;

Summons, Exhibit 3;

Special Appearance and Request for Enlargement of Time in which to Further Answer or
Plead, Exhibit 4;

Special Appearance and Motion to Dismiss of Defendants Catryna Baxter and Matthew
Baxter for Failure to State a Claim for Which Relief May be Granted, Exhibit 5;

Defendant, State Farm Mutual Automobile Insurance Company's Answer to Plaintiff's
Amended Petition; Exhibit 6;

Dismissal With Prejudice of Defendants Catryna Baxter and Matthew Baxter, Exhibit 7;

Plaintiff's Motion for Scheduling Conference, Exhibit 8;

Order for Scheduling Conference, Exhibit 9;

Pursuant to LCvR 81.2, a copy of the state court docket sheet is attached as Exhibit 10.

3

**WHEREFORE,** Defendant, State Farm, prays that this action be removed.

Dated this 6<u>th</u> day of October, 2017.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO**
*A PROFESSIONAL CORPORATION*

John S. Gladd, OBA #12307
Andrew G. Wakeman, OBA #21393
525 South Main Street, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
*Attorney for Defendant SFMAIC*

## CERTIFICATE OF MAILING

I hereby certify that on the 6th day of October, 2017, a true and correct copy of the aforementioned document was mailed to the following, with postage prepaid:

John Paul Truskett
Samuel T. Perrine
Ryan S. Wiehl
TRUSKETT LAW FIRM
2202 E. 49th Street, Suite 400
Tulsa, OK 74105
*Attorneys for Plaintiff*

S:\Files\416\311\ECF\Removal\Notice of Removal-mac.wpd

4

1



*1035801703*

DISTRICT COURT
**FILED**

MAR - 7 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**

DONNA CARTER, an individual,

Plaintiff,

v.

CATRYNA LEIGH BAXTER, a/k/a
CATRYNA L BAXTER, a/k/a CATRYNA
BAXTER, a/k/a CATRYNA LEIGH
SHRUM, a/k/a KATRINA BAXTER, an
individual, and MATHEW ALAN
BAXTER, a/k/a MATHEW A BAXTER,
a/k/a MATHEW BAXTER, a/k/a MAT
BAXTER, a/k/a MATTHEW BAXTER, an
individual, JOHN DOE, a business entity,
and JANE DOE, an individual,

Defendants.

Case No. CJ-2017-00866

The Honorable

DAMAN CANTRELL

**PETITION**

Plaintiff alleges and states as follows:

1.     Plaintiff was, at all material times, a resident of Tulsa County, Oklahoma.
2.     Defendant Catryna Baxter (hereinafter Defendant "CB") was at all material times upon information and belief a resident of Washington County, Oklahoma.
3.     Defendant Mathew Baxter (hereinafter Defendant "MB") was at all material times upon information and belief a resident of Washington County, Oklahoma.
4.     Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery.  Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant John Doe's actions and/or inactions in Oklahoma.
5.     Defendant Jane Doe, an individual, is a person residing in Oklahoma whose identity is unknown at this time, but may be revealed through the course of discovery.
6.     This motor vehicle crash occurred in Tulsa County, OK on about 02/13/2016.
7.     This Court has jurisdiction over this matter.
8.     Defendant CB chose to not pay attention while driving.
9.     Defendant CB chose to drive too fast for conditions.
10.    Defendant CB knew she may lose consciousness.
11.    Defendant MB knew Defendant CB might lose consciousness.
12.    Defendant MB should have known Defendant CB might lose consciousness.
13.    Defendant CB lost consciousness while driving a vehicle.
14.    Defendant CB failed to remain awake while driving.
15.    The front of the vehicle driven by Defendant CB hit the vehicle driven by Plaintiff.
16.    Defendant CB caused a motor vehicle crash.
17.    Defendant MB caused a motor vehicle crash.

1

**EXHIBIT**

_1_

18. Plaintiff made no improper action.
19. Tulsa Fire Department came to the scene of the crash.
20. An ambulance came to the scene of the crash.
21. The front of the vehicle driven by Defendant CB forced the vehicle driven by Plaintiff into another vehicle.
22. The front of the vehicle driven by Defendant CB was towed from the scene.
23. Airbags deployed in the vehicle driven by Defendant CB.
24. Defendant CB failed to yield to Plaintiff's right of way.
25. Defendant CB was injured in the wreck.
26. Plaintiff was injured in the wreck.
27. A driver must pay attention while driving.
28. A driver must leave a clear stopping distance between vehicles.
29. A driver must remain awake while driving.
30. A driver must remain conscious while driving
31. A vehicle owner must only allow competent drivers access to their vehicle.
32. Defendant CB violated a safety rule.
33. Defendant MB violated a safety rule.
34. Defendant CB caused injuries and damages to Plaintiff.
35. Defendant MB caused injuries and damages to Plaintiff.
36. Defendant CB breached duties owed to Plaintiff.
37. Defendant MB breached duties owed to Plaintiff.
38. Defendant CB was negligent, negligent *per se* and/or is liable under *res ipsa loquitur* because Defendant violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff.
39. Defendant MB was negligent, negligent *per se* and/or is liable under *res ipsa loquitur* because Defendant violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff.
40. Defendant CB had the responsibility to follow safety rules on the date and time of this wreck.
41. Defendant MB had the responsibility to follow safety rules on the date and time of this wreck.
42. Defendant CB violated Defendant's responsibilities on the date and time of the wreck.
43. Defendant MB violated Defendant's responsibilities on the date and time of the wreck.
44. On the date and time of the incident Defendant CB was operating a motor vehicle owned and/or controlled by Defendants MB, Jane Doe and/or John Doe.
45. Defendants MB, Jane Doe and/or John Doe is/are liable for any improper action and/or omission committed by Defendant CB during the operation of the motor vehicle, inclusive of the time and date of this incident.
46. Defendant CB was an authorized driver of Defendants MB, Jane Doe and/or John Doe's motor vehicle at the time of the incident.
47. Defendants MB, Jane Doe and/or John Doe negligently and/or improperly entrusted Defendant CB with said motor vehicle.
48. Defendant CB had the responsibility to drive as a reasonably prudent driver on the date and time of this wreck.

49.   The Defendants were negligent.

50.   As a direct result of the actions and/or omissions of Defendant CB, Plaintiff was injured and suffered damages.

51.   As a direct result of the actions and/or omissions of Defendant MB, Plaintiff was injured and suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any all other relief which this Court deems just and proper.

ATTORNEY FEE CLAIMED; JURY TRIAL DEMANDED; ATTORNEY LIEN CLAIMED; PRE AND POST-JUDGMENT INTEREST

Respectfully submitted,

John Paul Truskett, OBA # 20550
Samuel T. Perrine, OBA # 32165
Ryan S. Wiehl, OBA # 32893
Truskett Law Firm, P.L.L.C.
2202 E. 49th St., Ste. 400
Tulsa, OK 74105
Office: (918) 392-5444
Fax: (918) 856-3676
Email: john@truskettlaw.com

2

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

DONNA CARTER, an individual,

    Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a/k/a and/or
d/b/a STATE FARM MUT AUTO INS CO,
a/k/a and/or d/b/a STATE FARM
INSURANCE COMPANY, a/k/a and/or
d/b/a STATE FARM, a foreign property and
casualty insurance company, and
CATRYNA LEIGH BAXTER, a/k/a
CATRYNA L BAXTER, a/k/a CATRYNA
BAXTER, a/k/a CATRYNA LEIGH
SHRUM, a/k/a KATRINA BAXTER, an
individual, and MATHEW ALAN
BAXTER, a/k/a MATHEW A BAXTER,
a/k/a MATHEW BAXTER, a/k/a MAT
BAXTER, a/k/a MATTHEW BAXTER, an
individual, JOHN DOE, a business entity,
and JANE DOE, an individual,

    Defendants.

Case No. CJ-2017-00866

The Honorable Daman Cantrell



DISTRICT COURT
F I L E D
JUN 2 3 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## AMENDED PETITION

Plaintiff alleges and states as follows:

1.    Plaintiff was, at all material times, a resident of Tulsa County, Oklahoma.

2.    Defendant Catryna Baxter (hereinafter Defendant "CB") was at all material times upon information and belief a resident of Washington County, Oklahoma.

3.    Defendant Mathew Baxter (hereinafter Defendant "MB") was at all material times upon information and belief a resident of Washington County, Oklahoma.

4.    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT AUTO INS CO, a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM, a foreign property and casualty insurance company, hereinafter "State Farm" or "State Farm Insurance Company," is a mutual automobile insurance company licensed to do business in Tulsa County, Oklahoma.

5.    Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery. Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant John Doe's actions and/or inactions in Oklahoma.

6.    Defendant Jane Doe, an individual, is a person residing in Oklahoma whose identity is unknown at this time, but may be revealed through the course of discovery.

1



EXHIBIT
2

7.     This motor vehicle crash occurred in Tulsa County, OK on about 02/13/2016.

8.     This Court has jurisdiction over this matter.

9.     Defendant CB chose to not pay attention while driving.

10.    Defendant CB chose to drive too fast for conditions.

11.    Defendant CB knew she may lose consciousness.

12.    Defendant MB knew Defendant CB might lose consciousness.

13.    Defendant MB should have known Defendant CB might lose consciousness.

14.    Defendant CB lost consciousness while driving a vehicle.

15.    Defendant CB failed to remain awake while driving.

16.    The front of the vehicle driven by Defendant CB hit the vehicle driven by Plaintiff.

17.    Defendant CB caused a motor vehicle crash.

18.    Defendant MB caused a motor vehicle crash.

19.    Plaintiff made no improper action.

20.    Tulsa Fire Department came to the scene of the crash.

21.    An ambulance came to the scene of the crash.

22.    The front of the vehicle driven by Defendant CB forced the vehicle driven by Plaintiff into another vehicle.

23.    The front of the vehicle driven by Defendant CB was towed from the scene.

24.    Airbags deployed in the vehicle driven by Defendant CB.

25.    Defendant CB failed to yield to Plaintiff's right of way.

26.    Defendant CB was injured in the wreck.

27.    Plaintiff was injured in the wreck.

28.    A driver must pay attention while driving.

29.    A driver must leave a clear stopping distance between vehicles.

30.    A driver must remain awake while driving.

31.    A driver must remain conscious while driving

32.    A vehicle owner must only allow competent drivers access to their vehicle.

33.    Defendant CB violated a safety rule.

34.    Defendant MB violated a safety rule.

35.    Defendant CB caused injuries and damages to Plaintiff.

36.    Defendant MB caused injuries and damages to Plaintiff.

37.    Defendant CB breached duties owed to Plaintiff.

38.    Defendant MB breached duties owed to Plaintiff.

39.    Defendant CB was negligent, negligent *per se* and/or is liable under *res ipsa loquitur* because Defendant violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff.

40.    Defendant MB was negligent, negligent *per se* and/or is liable under *res ipsa loquitur* because Defendant violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff.

41.    Defendant CB had the responsibility to follow safety rules on the date and time of this wreck.

42.    Defendant MB had the responsibility to follow safety rules on the date and time of this wreck.

43.    Defendant CB violated Defendant's responsibilities on the date and time of the wreck.

44.     Defendant MB violated Defendant's responsibilities on the date and time of the wreck.

45.     On the date and time of the incident Defendant CB was operating a motor vehicle owned and/or controlled by Defendants MB, Jane Doe and/or John Doe.

46.     Defendants MB, Jane Doe and/or John Doe is/are liable for any improper action and/or omission committed by Defendant CB during the operation of the motor vehicle, inclusive of the time and date of this incident.

47.     Defendant CB was an authorized driver of Defendants MB, Jane Doe and/or John Doe's motor vehicle at the time of the incident.

48.     Defendants MB, Jane Doe and/or John Doe negligently and/or improperly entrusted Defendant CB with said motor vehicle.

49.     Defendant CB had the responsibility to drive as a reasonably prudent driver on the date and time of this wreck.

50.     The Defendants were negligent.

51.     As a direct result of the actions and/or omissions of Defendant CB, Plaintiff was injured and suffered damages.

52.     As a direct result of the actions and/or omissions of Defendant MB, Plaintiff was injured and suffered damages.

53.     At the time of the crash, Defendant MB was an underinsured motorist.

54.     At the time of the crash, Defendant CB was an underinsured motorist.

55.     At the time of the crash Plaintiff was insured under a policy of insurance issued by the Defendant State Farm Insurance Company through an automobile policy number 278 3289 A 28 36L.

56.     Plaintiff notified Defendant State Farm Insurance Company of the motor vehicle wreck.

57.     Plaintiff is entitled to the benefits of the uninsured/underinsured motorist coverage provided by said policy.

58.     Under the terms and conditions of the contract, Defendant State Farm Insurance Company agreed to pay Plaintiff damages as a result of a crash with an uninsured/underinsured motorist up to the policy limits.

59.     Plaintiff made numerous demands for payment under the contract.

60.     Defendant State Farm Insurance Company improperly denied fair and/or reasonable payment of benefits in breach of its obligation to Plaintiff.

61.     Defendant State Farm Insurance Company refused and/or failed in a fair and/or reasonable manner to evaluate the injuries sustained by the Plaintiff.

62.     Defendant State Farm Insurance Company failed to make good faith offers to settle and/or to timely pay Plaintiff's claims and/or damages under the terms of this insurance policy.

63.     Defendant State Farm Insurance Company violated 36 O.S. § 1250.5(13).

64.     Defendant State Farm Insurance Company violated the terms of Plaintiff's automobile insurance policy.

65.     Defendant State Farm Insurance Company violated Oklahoma law.

66.     Defendant State Farm Insurance Company failed to honor its contractual obligations with the Plaintiff.

67.     Defendant State Farm has not attempted in good faith to effectuate prompt, fair, reasonable, and/or equitable settlement of claims submitted.

68.     Liability in this case is reasonably clear.

3

69.     Defendant State Farm Insurance Company violated 36 O.S. § 1250.5 (4).

70.     As a result of Defendant State Farm Insurance Company's actions and/or omissions, Plaintiff has suffered damages.

71.     Defendant State Farm Insurance Company has not acted in a fair and/or reasonable manner in relation to Plaintiff's claim and/or requests.

72.     Defendant State Farm Insurance Company refused and/or failed to disclose to Plaintiff the Defendant's full evaluation and/or investigation.

73.     Defendant's actions are in bad faith and contrary to law.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000, to deter wrongful conduct, promote safety, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any all other relief which this Court deems just and proper.

ATTORNEY FEE CLAIMED; JURY TRIAL DEMANDED; ATTORNEY LIEN CLAIMED; PRE AND POST-JUDGMENT INTEREST

Respectfully submitted,

John Paul Truskett, OBA # 20550
Samuel T. Perrine, OBA # 32165
Ryan S. Wiehl, OBA # 32893
Truskett Law Firm, P.L.L.C.
2202 E. 49th St., Ste. 400
Tulsa, OK 74105
Office: (918) 392-5444
Fax: (918) 856-3676
Email: john@truskettlaw.com

4

**3**

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| DONNA CARTER, an individual, | |
| Plaintiff, | Case No. CJ-2017-00866 |
| v. | The Honorable Daman Cantrell |
| STATE FARM MUTUAL AUTOMOBILE | |
| INSURANCE COMPANY, et al., | |
| Defendants. | |

## SUMMONS

To the above-named Defendant:   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT AUTO INS CO, a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM

You have been sued by the above-named Plaintiff, and you are directed to file a written Answer to the attached Petition within twenty (20) days after the service of this summons upon you exclusive of the day of service.  If the summons was served by mail, the answer is due twenty-three (23) days after the summons was mailed.  A copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

by ___ DON NEWBERRY, Court Clerk
Court Clerk   6 / 23 /2017

by _____
Deputy Court Clerk  6 / 23 /2017

(SEAL)

___Certified Mail
___Sheriff
___Special Process Server

Attorney(s) for Plaintiff:
Name                    Address                              Telephone Number

John Paul Truskett , Truskett Law Firm PLLC 2202 E. 49th St., Ste. 400 Tulsa, OK 74105 918-392-5444

This summons was served on_____(date of service), and you must answer the petition within twenty (20) days after this date.

_____
Signature of person serving summons

EXHIBIT
3

4

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DONNA CARTER, an individual,                 )
                                             )
            Plaintiff,                       )
                                             )
vs.                                          )      Case No. CJ-2017-00866
                                             )      Hon. Daman Cantrell
STATE FARM MUTUAL AUTOMOBILE                 )
INSURANCE COMPANY, a/k/a and/or d/b/a        )
STATE FARM MUT AUTO INS CO, a/k/a            )
and/or d/b/a STATE FARM INSURANCE            )
COMPANY, a/k/a and/or d/b/a STATE FARM,      )
a foreign property and casualty insurance    )
company, and CATRYNA LEIGH BAXTER,           )
a/k/a CATRYNA L BAXTER a/k/a CATRYNA         )
BAXTER a/k/a CATRYNA LEIGH SHRUM             )
a/k/a KATRINA BAXTER and MATHEW              )
ALAN BAXTER, a/k/a MATHEW A BAXTER           )
a/k/a MATHEW BAXTER a/k/a MAT BAXTER         )
a/k/a MATTHEW BAXTER and JOHN DOE,           )
a business entity, and JANE DOE, an individual )
                                             )
            Defendants.                      )

SPECIAL APPEARANCE AND REQUEST FOR
ENLARGEMENT OF TIME IN WHICH TO FURTHER ANSWER OR PLEAD

COMES NOW the Defendant, State Farm Mutual Automobile Insurance Company, pursuant

to the provisions of Title 12 O.S. § 2012(A) (Supp. 1990), and Young v. Walton, 807 P.2d 248

(Okla. 1991), and specially enters its appearance herein, and requests twenty (20) additional days,

up to and including the 24th day of August, 2017, in which to answer or otherwise plead.

DISTRICT COURT
FILED

AUG - 4 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

EXHIBIT

4

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO**
A PROFESSIONAL CORPORATION

John S. Gladd, OBA #12307
Andrew G. Wakeman, OBA #21393
525 South Main Street, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
*Attorney for Defendant SFMAIC*

## CERTIFICATE OF MAILING

I hereby certify that on the 4th day of August, 2017, a true and correct copy of the aforementioned document was mailed to the following, with postage prepaid:

John Paul Truskett, OBA #20550
Samuel T. Perrine, OBA #32165
Ryan S. Wiehl, OBA #32893
TRUSKETT LAW FIRM
2202 E. 49th Street, Suite 400
Tulsa, OK 74105
*Attorneys for Plaintiff*

S:\Files\416\311\EOA & Order-cah.wpd

2

**5**





IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DONNA CARTER,                                )
                                             )
                    Plaintiff,               )
v.                                           )    Case No. CJ-2017-866
                                             )    Judge Daman H. Cantrell
STATE FARM MUTUAL                            )
AUTOMOBILE INSURANCE                         )
COMPANY, a/k/a and/or d/b/a                  )
STATE FARM MUT AUTO INS CO.                  )
a/k/a and/or d/b/a STATE FARM                )
 INSURANCE COMPANY a/k/a and/or              )
d/b/a STATE FARM, a foreign property         )    DISTRICT COURT
and casualty insurance company, and          )    F I L E D
CATRYNA LEIGH BAXTER, a/k/a                  )
CATRYNA L BAXTER, a/k/a                       )    AUG 1 6 2017
CATRYNA BAXTER, a/k/a                         )
CATRYNA LEIGH SHRUM, a/k/a                    )    DON NEWBERRY, Court Clerk
KATRINA BAXTER, an Individual,               )    STATE OF OKLA. TULSA COUNTY
and MATHEW ALAN BAXTER, a/k/a                )
MATHEW A BAXTER, a/k/a                        )
MATHEW BAXTER, a/k/a                          )
MAT BAXTER, a/k/a                             )
MATTHEW BAXTER, an Individual,               )
JOHN DOE, a Business Entity, and             )
JANE DOE, an Individual,                      )
                                             )
                    Defendants.              )

**SPECIAL APPEARANCE AND MOTION TO DISMISS**
**OF DEFENDANTS CATRYNA BAXTER AND MATHEW BAXTER FOR**
**FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED**

Come now Defendants, Catryna L. Baxter and Mathew A. Baxter (the "Baxters"), and

move this Court to dismiss the above referenced lawsuit against these Defendants pursuant to Title

12 O.S. § 2012 (B) (6), for the reason that all of Plaintiff's claims against the Baxters have

previously been settled and payment has been received and accepted by Plaintiffs. In support of

this Motion, the Baxters submit the following:

1.      On or about March 7, 2017, Plaintiff Donna Carter brought this action against the

EXHIBIT
5

Baxters alleging injuries and damages from a motor vehicle accident which occurred on February 13, 2016.

2.      On or about March 7, 2017, Summons's were issued, but have never been served on the Baxters.

3.      On March 26, 2017, Plaintiff's counsel made a time limited demand to "fully settle" Plaintiff's claims against the Baxters for the "policy limits of any liability, excess, umbrella, garage, and/or any/all potentially applicable policy and/or benefit." See Exhibit 1, Letter dated March 26, 2017.

4.      On or about March 29, 2017, a claims representative from the Baxter's liability insurance carrier, State Farm Mutual Automobile Insurance Company, told Plaintiff's counsel that they would agree to settle Plaintiff's claims against the Baxter's for their policy limits of $25,000.00. The matter was then referred to counsel to complete the settlement.

5.      On or about March 30, 2017, counsel for the Baxter's sent an email to Plaintiff's counsel confirming the settlement agreement, showing lien amounts and requesting draft instructions. See Exhibit 2, Email dated March 30, 2017 confirming settlement.

6.      After several attempts to get Plaintiff's counsel to provide draft instructions, on May 9, 2017, a settlement draft in the amount of $25,000.00 and made payable to Plaintiff, Plaintiff's counsel and all medical lien holders, was mailed to Plaintiff's counsel along with a Release of All Claims and a Dismissal with Prejudice to be executed by Plaintiff and her counsel. See Exhibit 3, Letter dated May 9, 2017 enclosing Draft, Release and Dismissal.

7.      On June 12, 2017, the settlement draft was negotiated and/or deposited by Plaintiff and/or her counsel. See Exhibit 4, $25,000.00 check showing deposit by Plaintiff and/or her counsel.

8.      Despite accepting and negotiating the settlement proceeds, Plaintiff has refused and or failed to provide to the Baxters' counsel a properly executed Release and Dismissal with Prejudice.

9.     On June 23, 2017, Plaintiff filed an Amended Petition adding parties and again alleging claims against the Baxters. Plaintiff's Amended Petition fails to indicate the claims against the Baxters have been settled and remains an open lawsuit against them.

## ARGUMENT & AUTHORITY

A Motion to dismiss for failure to state a claim upon which relief may be granted tests a pleading's sufficiency to support legally cognizable claim.   Fent v. Oklahoma Natural Gas Co., a Div. of Oneok Inc., 1994 OK 106, 898 P.2d 126 (1994), rehearing denied. The purpose of a motion to dismiss is to test the law that governs the claim, not the underlying facts. Dani v. Miller, Okla., 2016 OK 35, 374 P.3d 779.  When considering the legal sufficiency of the petition on a motion to dismiss, the court takes all allegations in the pleading as true together with all reasonable inferences that may be drawn from them. Id.

This Court has the power to summarily enforce a settlement agreement entered into by litigants while litigation is pending.  U.S. v. Hardage, 982 F.2d 1491 (10th Cir. 1993).  Said authority has also been upheld by the appellate courts of Oklahoma in the case of Russell v. Board of County Comm'rs of Carter County, State of Oklahoma, 1 P.3d 442, 2000 OK CIV APP 21, where the court indicated that while a case is still pending, the trial court has the inherent authority to enforce terms of a settlement agreement.

In the present case, Plaintiff made a time limited demand and offer to "fully settle" Plaintiff's claims against the Baxter's for the policy limits. State Farm Mutual Automobile Insurance Company subsequently and timely agreed to pay the policy limits to settle Plaintiff's claims against the Baxters. A check in the amount of the agreed settlement was sent with direction not to negotiate the check until the release and dismissal was executed by Plaintiff. The settlement check has been deposited by Plaintiff's counsel, but Plaintiff has failed and/or refused to execute

the release and dismissal in this case. In spite of the fact that not only has a settlement agreement been reached, payment of the amount agreed upon has been paid and accepted on behalf of Plaintiff, Plaintiff continues to assert causes of action against the Baxters in her Amended Petition.

WHEREFORE, Defendants, Catryna L. Baxter and Mathew A. Baxter, pray for an order enforcing the settlement agreement between the parties and dismissing with prejudice this lawsuit against these Defendants, and award them a reasonable attorney's fee and costs, along with any other remedy this Court deems just and equitable.

Respectfully submitted,

Thomas P. Manning, OBA # 16117
**Angela D. Ailles & Associates**
One Benham Place
9400 N. Broadway Extension, Suite 500
Oklahoma City, OK 73114
(405) 475-9707 – Telephone
(855) 396-2580 – Facsimile
tom.manning.r308@statefarm.com – Email
**Attorney for Defendants**

## CERTIFICATE OF MAILING

This is to certify that on this 14th day of August, 2017, a true and correct copy 4of the above foregoing instrument of the Defendants' were mailed with proper postage fully prepaid and affixed thereto to the following:

Samuel T. Perrine, OBA # 32165
**Truskett Law Firm, PLLC**
2202 E 49th St, Suite 400
Tulsa, OK 74105
(918) 392-5444 – Telephone
(918) 856-3676 – Fax
**Attorney for Plaintiff**

_____
Thomas P. Manning



# Truskett Law

John Paul Truskett – *Trial Attorney*

Samuel Thomas Perrine – *Trial Attorney*

Ryan Wiehl · *Trial Attorney*

Truskett Law Firm, PLLC
2202 E. 49ᵗʰ Street
Suite 400
Tulsa, Oklahoma 74105
Office: (918) 392-5444
Fax: (918) 856-3676
john@truskettlaw.com
truskettlaw.com

March 26, 2017

***VIA FAX & EMAIL ONLY***
State Farm Ins. Co. · Attention Ms. Jennifer Patterson & State Farm Ins. Co. Supervisor
***Fax # (855) 820-6318***
***EMAIL: statefarmclaims@statefarm.com***

| | |
|---|---|
| Our Client: | Donna Carter |
| Your Insured: | Baxter |
| Date of Wreck: | 02/13/16 |
| Your Tele #: | (770) 418-3522 |
| **_Your Claim #:_** | **_368B03871_** |

Dear Ms. Patterson & State Farm Ins. Co. Supervisor,

Please see the filed petition. We have not served this case yet. Please let us know if your insurance company will fully settle this case for policy limits for any liability, excess, umbrella, garage, and/or any/all potentially applicable policy and/or benefit. This offer is valid until 04/03/17 at 5pm. Time is of the essence. Please share this with your insured and the supervisor. We appreciate your time and efforts in advance.

Of course, let me know of any questions.

Sincerely,

Samuel T. Perrine

**EXHIBIT**

**1**

1

## Tom Manning

| | |
|---|---|
| **From:** | Tom Manning |
| **Sent:** | Thursday, March 30, 2017 2:21 PM |
| **To:** | Sam Perrine |
| **Cc:** | Tom Manning; Patty Harris |
| **Subject:** | Carter v Baxter |

Sam,

I have been assigned the above file for handling. This email will confirm that an agreement was reached today between you and State Farm Claim representative Jennifer Patterson to settle the case for the $25,000.00 policy limits. I have been asked to assist in completing the settlement. I show the following liens in this case:

   Physicians Rehab - $4,585.00
   Dr. Gary Lee - $890.00
   Dr. S.Q. Hays - $1,575

Please provide me with draft instructions and whether you have any documents releasing or reducing the liens. We will prepare a release and dismissal to be forwarded with drafts once they are received. Please let me know if you have any questions or comments.

Thanks,

Tom

Thomas P. Manning, Attorney
Angela D. Ailles and Associates
Employees of the Law Department
State Farm Mutual Automobile Insurance Company
Office:  (405) 475-9707
Direct line/HUB: 419-2670
Fax No: 1-855-396-2580

See our website at:  Oklahoma City CLC Website

NOTICE: Privileged and confidential.  This electronic mail transmission was sent by an employee of the Law Department of State Farm Mutual Auto. Ins. Co.  This transmission may constitute a privileged attorney-client communication and/or attorney work product.  It is not intended for transmission or receipt by any unauthorized persons.  If you receive this transmission in error, please delete it immediately from your system without copying or forwarding it, and notify the sender by reply or by calling (405) 475-9707, so that we may correct our address records.

> **EXHIBIT**
> **2**

# ANGELA D. AILLES & ASSOCIATES

## ATTORNEYS AT LAW

**Employees of the Law Department**
**State Farm Mutual Automobile Insurance Company**

One Benham Place
9400 N. Broadway Extension, Suite 500
Oklahoma City, Oklahoma 73114

Telephone: (405) 475-9707
Facsimile: (855) 396-2580

Angela Ailles Bahm
Robert E. Black
Anthony L. Bonner, Jr.
Michael L. Chitwood
Christopher Johnsen

Reign Karpe
Thomas P. Manning
Shanda McKenney
Elizabeth D. Oglesby

May 9, 2017

Samuel T. Perrine
Truskett Law Firm, PLLC
2202 E. 49th Street, Suite 400
Tulsa, OK 74105

Re:   Carter v. Baxter, et al.;
      District Court of Tulsa County; Case No. CJ-2017-866

Dear Mr. Perrine:

I have attempted to contact you regarding draft instructions in this case. You have not responded to my phone calls and emails. Enclosed is State Farm's draft in the amount of $25,000.00 as settlement of the above matter as to the claims against Catryna and Mathew Baxter. Also enclosed are a Release and Dismissal with Prejudice. Please do not negotiate the enclosed draft until the settlement documents have been executed and returned to me. When I receive the closing paperwork from you, I will have the Dismissal filed and forward a file-stamped copy to you.

Should you have any questions, please advise. Thank you.

Sincerely,

Thomas P. Manning

TPM:pjh
Enclosures

<div style="border:1px solid black; display:inline-block; padding:8px;">

**EXHIBIT**

**3**

</div>

# RELEASE
## In Full Of All Claims

FOR AND IN CONSIDERATION of the payment to me at this time the sum of Twenty Five Thousand and No/100 Dollars, ($25,000.00), the receipt of which is hereby acknowledged, for myself, and for my heirs, personal representatives and assigns, and I, being of lawful age, do hereby release, acquit and forever discharge Catryna L. Baxter and Mathew A. Baxter, and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained, or that I hereafter sustain, as the consequence of an accident that occurred on or about February 13, 2016, at or near 71st Street and 89th Street Street in Tulsa, Oklahoma.

To procure payment of said sum, I hereby declare that I am more than eighteen (18) years of age; that no representations about the nature and extent of said injuries, disabilities or damages made by any physician, attorney or agent of any parties hereby released, nor any representations regarding the nature and extent of legal liability or financial responsibility of any of the parties hereby released, have induced me to make this settlement; that in determining said sum there has been taken into consideration not only the ascertained injuries, disabilities and damages, but also the possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain and indefinite, so that consequences not now anticipated may result from the said accident.

I hereby agree that, as a further consideration and inducement for this compromise settlement, this settlement shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed.

I agree to reimburse and indemnify all released parties for any amounts which any insurance carrier, government entity, hospital or other health care provider, or other persons or organizations may recover from them by way of contribution, subrogation, indemnity, or otherwise for any amounts paid to or on behalf of me as a result of this accident.

I understand that the parties hereby released admit no liability of any sort by reason of said accident, and that said payment and settlement in compromise is made to terminate further controversy, respecting all claims for damages that I have heretofore asserted, or that I or my personal representative might hereafter assert because of the said accident.

I further understand that such liability as I may have, or shall have, incurred, directly or indirectly, in connection with or for damages arising out of the accident to each person or organization released and discharged of liability herein, and to any other person or organization, is expressly reserved to each of them, such liability not being waived, agreed upon, discharged nor settled by this Release.

This Release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this Release are contractual and not a mere recital.

I further state that I have carefully read the foregoing Release and know the contents thereof, and have signed the same as my free act.

WITNESS my hand this ____ day of May, 2017.

WITNESSES:                              CAUTION:  This is a Release and
                                        Verification.
                                        READ IT before signing.


_____        _____
Samuel T. Perrine                       Donna L. Carter


## VERIFICATION

Under oath, and subject to the penalties of perjury, I hereby swear or affirm the following:

By making this settlement, I am giving up the right to have a jury decide my case.  I understand that a jury could award me more money than I am accepting in this settlement.  I also understand that a jury might award less, or even nothing, if this case is tried.  I have discussed this claim with Samuel T. Perrine, and I have considered the risks and alternatives to this settlement. Having done so, I wish to accept the settlement. I have not been coerced or forced to settle this claim through economic duress, or otherwise, but do so voluntarily because I believe this settlement is reasonable and, by doing so, I can avoid the risks and uncertainties of trial.

I have read the above Verification on the ____ day of _____, 2017, and it is true and correct.

WITNESSES:                              CAUTION:  This is a release.
                                        READ IT before signing.


_____        _____
Samuel T. Perrine                       Donna L. Carter

STATE OF OKLAHOMA            )
                             )      ss.
COUNTY OF _____         )


On this ____ day of _____, in the year _____, before me, a Notary Public in and for the said County of _____, State of Oklahoma, personally appeared the above Ms. Donna L. Carter known to me to be the party named in and whose name is subscribed to the foregoing Release In Full Of All Claims and Verification, and acknowledged that she executed the same as her free act and deed.


                              _____
                              Notary Public


My Commission Expires:

_____


My Commission Number:

_____

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| DONNA CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CJ-2017-866 |
| | ) | |
| CATRYNA LEIGH BAXTER, A/K/A | ) | |
| CATRYNA L BAXTER, A/K/A CATRYNA | ) | |
| BAXTER, A/K/A CATRYNA LEIGH | ) | |
| SHRUM, A/K/A KATRINA BAXTER, AN | ) | |
| INDIVIDUAL, AND MATHEW ALAN | ) | |
| BAXTER, A/K/A MATHEW A BAXTER, | ) | |
| A/K/A MATHEW BAXTER, A/K/A MAT | ) | |
| BAXTER, A/K/A MATTHEW BAXTER, AN | ) | |
| INDIVIDUAL, JOHN DOE, A BUSINESS | ) | |
| ENTITY, AND JANE DOE, AN | ) | |
| INDIVIDUAL, | ) | |
| | ) | |
| Defendants. | ) | |

## DISMISSAL WITH PREJUDICE

Donna L. Carter hereby dismisses with prejudice the above styled and numbered cause,

each party to bear his or her own costs and attorney fees.

_____
Donna L. Carter


_____
Samuel T. Perrine, OBA # 32165
Truskett Law Firm, PLLC
2202 E 49th St, Suite 400
Tulsa, OK 74105
(918) 392-5444 – Telephone
(918) 856-3676 – Facsimile
**Attorney for Plaintiff**

VOID IF GREEN COLORED BACKGROUND IS MISSING

1 26 547044 J

05-05-2017
MM DD YYYY
DATE

$****25,000.00

Authorized Signature

Authorized Signature

State Farm STATE FARM FIRE AND CASUALTY COMPANY

AUTO INJURY

JPMORGAN CHASE BANK, NA    56-1544/441
COLUMBUS    OH

INJ D2 OFFICE AT P26520PCL3    INSURED  BAXTER, MATHEW A & CATRYNA L

CLAIM NO  36-8B03-871
LOSS DATE  02-13-2016

*************************EXACTLY TWENTY-FIVE THOUSAND AND 00/100 DOLLARS

Pay to the
Order of:  DONNA LESA CARTER & TRUSKETT LAW FIRM, HER ATTORNEY & PHYSICIANS
REHABILITATION & DR. GARY LEE & DR. S.O. HAYS

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑆261754704⑆ ⑈044115441⑈ 627119555⑈

GREEN DROPOUT APPEARS ON FACE OF DOCUMENT

EXHIBIT
4

MUST BE ENDORSED BY ALL PAYEES

This Notice Only Applies to Payees and Service Providers:
By endorsing this payment for your services, you agree not to use or
disclose any nonpublic customer information received from us unless
necessary for the services we requested.

>113122655<
Prosperity Bank
81275000533630

06122017

6

416-311
JSG (FHM)

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

DONNA CARTER, an individual,                    )
                                                )
          Plaintiff,                     )
                                                )
vs.                                             )       Case No. CJ-2017-00866
                                                )       Hon. Daman Cantrell
STATE FARM MUTUAL AUTOMOBILE                    )
INSURANCE COMPANY, a/k/a and/or d/b/a           )
STATE FARM MUT AUTO INS CO, a/k/a               )
and/or d/b/a STATE FARM INSURANCE               )
COMPANY, a/k/a and/or d/b/a STATE FARM,         )
a foreign property and casualty insurance       )
company, and CATRYNA LEIGH BAXTER,              )
a/k/a CATRYNA L BAXTER a/k/a CATRYNA            )
BAXTER a/k/a CATRYNA LEIGH SHRUM                )
a/k/a KATRINA BAXTER and MATHEW                 )
ALAN BAXTER, a/k/a MATHEW A BAXTER              )
a/k/a MATHEW BAXTER a/k/a MAT BAXTER            )
a/k/a MATTHEW BAXTER and JOHN DOE,              )
a business entity, and JANE DOE, an individual  )
                                                )
          Defendants.                    )

DISTRICT COURT
**FILED**
AUG 24 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## DEFENDANT, STATE FARM MUTUAL AUTOMOBILE
## INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S PETITION

**COMES NOW** the Defendant, State Farm Mutual Automobile Insurance Company, by and

through its attorneys of record, John S. Gladd and Andrew G. Wakeman, of the law firm of

Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco of Tulsa, Oklahoma, and for its Answer to

the Petition of the Plaintiff on file herein, states and avers as follows:

### I.

Defendant State Farm hereby denies generally and specifically each and every material

allegation contained within Plaintiff's First Amended Petition except which may hereinafter be

admitted.



**EXHIBIT**

6

**II.**

This Defendant is without knowledge or information sufficient to allow the formation of an

opinion or belief as to the truth of the matters asserted in Paragraphs 1 and 2 of Plaintiff's Amended

Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the

evidence.

**III.**

This Defendant is without knowledge or information sufficient to allow the formation of an

opinion or belief as to the truth of the matters asserted in Paragraph 3 of Plaintiff's Amended

Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the

evidence.

**IV.**

With regard to Paragraph 4 of Plaintiff's Amended Petition, this Defendant would admit

State Farm Mutual Automobile Insurance Company is licensed to do business in the State of

Oklahoma.  This Defendant would deny the remaining allegations of Paragraph 4 of Plaintiff's

Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

**V.**

This Defendant is without knowledge or information sufficient to allow the formation of an

opinion or belief as to the truth of the matters asserted in Paragraph 5 of Plaintiff's Amended

Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the

evidence.

**VI.**

This Defendant is without knowledge or information sufficient to allow the formation of an

2

opinion or belief as to the truth of the matters asserted in Paragraph 6 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## VII.

With regard to Paragraph 7 of Plaintiff's Amended Petition, this Defendant would admit that CB, Donna Carter and Kelly Todd were drivers of automobiles involved in an accident on February 13, 2016.

## VIII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 8 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## IX.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 9 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## X.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 10 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XI.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 11 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 12 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XIII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 13 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XIV.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 14 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XV.

This Defendant is without knowledge or information sufficient to allow the formation of an

4

opinion or belief as to the truth of the matters asserted in Paragraph 15 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XVI.

With regard to Paragraph 16 of Plaintiff's Amended Petition, this Defendant admits the Official Oklahoma Traffic Collision Report reflects the front of the vehicle driven by CF hit the vehicle driven by Plaintiff.

## XVII.

With regard to Paragraph 17 of Plaintiff's Amended Petition, this Defendant admits for purposes of its evaluation that this Defendant has assigned 100% fault to CB for causing the accident.

## XVIII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 18 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XIX.

With regard to Paragraph 19 of Plaintiff's Amended Petition, this Defendant admits for purposes of its evaluation that this Defendant has assigned 100% fault to CB for causing the accident.

## XX.

With regard to Paragraph 20 of Plaintiff's Amended Petition, this Defendant admits the

Official Oklahoma Traffic Collision Report reflects the Tulsa Fire Department came to the scene of the crash.

## XXI.

With regard to Paragraph 21 of Plaintiff's Amended Petition, this Defendant admits the Official Oklahoma Traffic Collision Report reflects EMSA came to the scene of the crash.

## XXII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 22 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XXIII.

With regard to Paragraph 23 of Plaintiff's Amended Petition, this Defendant admits the Official Oklahoma Traffic Collision Report reflects the vehicle driven by CB was towed from the scene.

## XXIV.

With regard to Paragraph 24 of Plaintiff's Amended Petition, this Defendant admits the Official Oklahoma Traffic Collision Report reflects the front air bags in the vehicle driven by CB deployed.

## XXV.

With regard to Paragraph 25 of Plaintiff's Amended Petition, this Defendant admits for purposes of its evaluation that this Defendant has assigned 100% fault to CB for causing the accident.

## XXVI.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 26 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XXVII.

This Defendant would admit the allegation contained in Paragraph 27 of Plaintiff's Amended Petition that Plaintiff was injured in the wreck, but would deny the value of Plaintiff's damages exceed the underlying liability limits and as such, the conditions precedent for recovery under the policy of insurance have not been met.

## XXVIII.

Paragraph 28 of Plaintiff's Amended Petition purports to be a statement of law requiring no answer from this Defendant.

## XXIX.

Paragraph 29 of Plaintiff's Amended Petition purports to be a statement of law requiring no answer from this Defendant.

## XXX.

Paragraph 30 of Plaintiff's Amended Petition purports to be a statement of law requiring no answer from this Defendant.

## XXXI.

Paragraph 31 of Plaintiff's Amended Petition purports to be a statement of law requiring no answer from this Defendant.

## XXXII.

Paragraph 32 of Plaintiff's Amended Petition purports to be a statement of law requiring no answer from this Defendant.

## XXXIII.

With regard to Paragraph 33 of Plaintiff's Amended Petition, this Defendant admits for purposes of its evaluation that this Defendant has assigned 100% fault to CB for causing the accident.

## XXXIV.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 34 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XXXV.

With regard to Paragraph 35 of Plaintiff's Amended Petition, this Defendant would admit that Plaintiff was injured in the wreck, but would deny the value of Plaintiff's damages exceed the underlying liability limits and as such, the conditions precedent for recovery under the policy of insurance have not been met.

## XXXVI.

With regard to Paragraph 36 of Plaintiff's Amended Petition, this Defendant would admit that Plaintiff was injured in the wreck, but would deny the value of Plaintiff's damages exceed the underlying liability limits and as such, the conditions precedent for recovery under the policy of insurance have not been met.

## XXXVII.

With regard to Paragraph 37 of Plaintiff's Amended Petition, this Defendant admits for purposes of its evaluation that this Defendant has assigned 100% fault to CB for causing the accident.

## XXXVIII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 38 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XXXIX.

With regard to Paragraph 39 of Plaintiff's Amended Petition, this Defendant admits for purposes of its evaluation that this Defendant has assigned 100% fault to CB for causing the accident.

## XL.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 40 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLI.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 41 of Plaintiff's Amended

Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 42 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLIII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 43 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLIV.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 44 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLV.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 45 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLVI.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 46 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLVII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 47 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLVIII.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 48 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## XLIX.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 49 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

**L.**

With regard to Paragraph 50 of Plaintiff's Amended Petition, this Defendant admits for purposes of its evaluation that this Defendant has assigned 100% fault to CB for causing the accident. This Defendant denies it was negligent in any way. This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the remaining matters asserted in Paragraph 50 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

**LI.**

With regard to Paragraph 51 of Plaintiff's Amended Petition, this Defendant would admit that Plaintiff was injured in the wreck, but would deny the value of Plaintiff's damages exceed the underlying liability limits and as such, the conditions precedent for recovery under the policy of insurance have not been met.

**LII.**

With regard to Paragraph 52 of Plaintiff's Amended Petition, this Defendant would admit that Plaintiff was injured in the wreck, but would deny the value of Plaintiff's damages exceed the underlying liability limits and as such, the conditions precedent for recovery under the policy of insurance have not been met.

**LIII.**

This Defendant specifically denies those allegations contained in Paragraph 53 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

12

## LIV.

This Defendant specifically denies those allegations contained in Paragraph 54 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LV.

With regard to Paragraph 55, this Defendant admits Plaintiff maintained UM insurance through this Defendant at the time of the accident. This Defendant would deny any remaining allegations that are inconsistent with this admission, demanding strict proof thereof by a preponderance of the evidence.

## LVI.

This Defendant admits the allegation contained in Paragraph 56 of Plaintiff's Amended Petition that Plaintiff notified this Defendant of the automobile accident.

## LVII.

With regard to Paragraph 57 of Plaintiff's Amended Petition, this Defendant would deny the value of Plaintiff's damages exceed the underlying liability limits and as such, the conditions precedent for recovery under the policy of insurance have not been met.

## LVIII.

With regard to Paragraph 58 of Plaintiff's Amended Petition, this Defendant would state the State Farm policy at issue speaks for itself. This Defendant would deny the value of Plaintiff's damages exceed the underlying liability limits and as such, the conditions precedent for recovery under the policy of insurance have not been met.

13

## LIX.

This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the matters asserted in Paragraph 59 of Plaintiff's Amended Petition as the term "numerous" is undefined, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## LX.

This Defendant specifically denies those allegations contained in Paragraph 60 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXI.

This Defendant specifically denies those allegations contained in Paragraph 61 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXII.

This Defendant specifically denies those allegations contained in Paragraph 62 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXIII.

This Defendant specifically denies those allegations contained in Paragraph 63 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXIV.

This Defendant specifically denies those allegations contained in Paragraph 64 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXV.

This Defendant specifically denies those allegations contained in Paragraph 65 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXVI.

This Defendant specifically denies those allegations contained in Paragraph 66 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXVII.

This Defendant specifically denies those allegations contained in Paragraph 67 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXVIII.

With regard to Paragraph 68 of Plaintiff's Amended Petition, this Defendant admits for purposes of its evaluation that this Defendant has assigned 100% fault to CB for causing the accident. This Defendant denies it was negligent and or liable in any way. This Defendant is without knowledge or information sufficient to allow the formation of an opinion or belief as to the truth of the remaining matters asserted in Paragraph 68 of Plaintiff's Amended Petition, and therefore denies the same and demands strict proof thereof by a preponderance of the evidence.

## LIX.

This Defendant specifically denies those allegations contained in Paragraph 69 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

## LXX.

This Defendant specifically denies those allegations contained in Paragraph 70 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

### LXXI.

This Defendant specifically denies those allegations contained in Paragraph 71 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

### LXXII.

This Defendant specifically denies those allegations contained in Paragraph 72 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

### LXXIII.

This Defendant specifically denies those allegations contained in Paragraph 73 of Plaintiff's Amended Petition, demanding strict proof thereof by a preponderance of the evidence.

### **AFFIRMATIVE DEFENSES**

### LXXIV.

By way of affirmative defense, Defendant State Farm Mutual Automobile Insurance Company would state Plaintiff's Petition fails to state a claim upon which relief can be granted.

### LXXV.

By way of affirmative defense, Defendant State Farm Mutual Automobile Insurance Company would state that based on present available information, Plaintiff has not met the necessary conditions precedent to entitle her to uninsured/underinsured motorist benefits for the motor vehicle accident which is the subject of this suit.

### LXXVI.

By way of affirmative defense, this Defendant would state that to the extent Plaintiff seeks punitive damages, such damages are unconstitutional and violate the due process clauses of the Fifth

16

and Fourteenth Amendments to the United States Constitution and of Article 2, Section 7 of the Oklahoma Constitution and the Oklahoma Constitution for the following reasons:

(A) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

(B) the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations;

(C) the introduction of evidence of this Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to this Defendant from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

## LXXVII.

This Defendant reserves the right to amend this Answer and assert additional defenses as discovery progresses.

**WHEREFORE,** having answered Plaintiff's Amended Petition, by way of affirmative defense, Defendant State Farm Mutual Automobile Insurance Company requests judgment in its favor and against the Plaintiff, for his costs and attorney's fees incurred, and any other and further relief the Court deems just and equitable.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,**
**BRITTINGHAM, GLADD & FIASCO**
A PROFESSIONAL CORPORATION

John S. Gladd, OBA #12307
Andrew G. Wakeman, OBA #21393
525 South Main Street, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
*Attorney for Defendant SFMAIC*

18

## CERTIFICATE OF MAILING

I hereby certify that on the 24th day of August, 2017, a true and correct copy of the aforementioned document was mailed to the following, with postage prepaid:

John Paul Truskett
Samuel T. Perrine
Ryan S. Wiehl
TRUSKETT LAW FIRM
2202 E. 49th Street, Suite 400
Tulsa, OK 74105
*Attorneys for Plaintiff*

S:\Files\416\311\answer-cah.wpd

19

7




### IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

DONNA CARTER, an individual,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a/k/a and/or
d/b/a STATE FARM MUT AUTO INS CO,
a/k/a and/or d/b/a STATE FARM
INSURANCE COMPANY, a/k/a and/or
d/b/a STATE FARM, a foreign property and
casualty insurance company, and
CATRYNA LEIGH BAXTER, a/k/a
CATRYNA L BAXTER, a/k/a CATRYNA
BAXTER, a/k/a CATRYNA LEIGH
SHRUM, a/k/a KATRINA BAXTER, an
individual, and MATHEW ALAN
BAXTER, a/k/a MATHEW A BAXTER,
a/k/a MATHEW BAXTER, a/k/a MAT
BAXTER, a/k/a MATTHEW BAXTER, an
individual, JOHN DOE, a business entity,
and JANE DOE, an individual,

Defendants.

Case No. CJ-2017-00866

The Honorable Daman Cantrell



DISTRICT COURT
**FILED**

AUG 2 4 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### DISMISSAL *WITH* PREJUDICE OF DEFENDANTS CATRYNA BAXTER AND MATHEW BAXTER *ONLY*

Plaintiff hereby dismisses Defendants Catryna Baxter and Mathew Baxter *only* from this case *with* prejudice.

Respectfully submitted,

X _Donna Carter_
Ms. Donna Carter

_John Paul Truskett,_ OBA # 20550
Samuel T. Perrine, OBA # 32165
Truskett Law Firm, PLLC
2202 East 49th Street, Ste. 400
Tulsa, OK 74105
Office # 918-392-5444
Fax # 918-856-3676

1


EXHIBIT
7

8

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

DONNA CARTER, an individual,
Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et. al,
Defendants.

Case No. CJ-2017-00866
The Honorable Daman Cantrell

SEP 1 2 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE

Pursuant to Oklahoma law, Plaintiff requests that the Court set a scheduling conference.

Respectfully submitted,

John Paul Truskett, OBA # 20550
Samuel T. Perrine, OBA # 32165
Truskett Law Firm, PLLC
2202 E. 49th Street, Suite 400
Tulsa, OK 74105
Office # 918-392-5444
Fax # 918-856-3676
john@truskettlaw.com

## CERTIFICATE OF SERVICE

I hereby certify on this ___ day of September 2017 that a true and correct copy of the above foregoing instrument was sent to the following via fax, email, and/or mail to:

John S. Gladd
Andrew G. Wakeman
1500 ParkCentre
525 South Main
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
Counsel for State Farm Ins Co.



EXHIBIT
8

9

416-311
JSG (AQW)

DISTRICT COURT
**FILED**

SEP 1 8 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DONNA CARTER, an individual,
Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et. al,
Defendants.

Case No. CJ-2017-00866
The Honorable Daman Cantrell

## ORDER FOR SCHEDULING CONFERENCE

Now on this ___18th___ day of ___Sept.___ 2017 this cause comes for

consideration before this Court: Plaintiff's Motion for Scheduling Conference.  After having

considered the Motion, the file, Oklahoma law, and all things relevant, this Court does hereby ─CAH

order and set a Scheduling Conference for the ___5rd___ day of ___Oct.___ 2017,

at ___10:00___ ___a___.m at the Tulsa County Courthouse, Room ___631___.

IT IS SO ORDERED.

DAMAN CANTRELL

_____
The Honorable Daman Cantrell
JUDGE OF THE DISTRICT COURT



**EXHIBIT**
9

10



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

DONNA CARTER,
    Plaintiff,

v.

CATRYNA LEIGH BAXTER, AKA
CATRYNA L BAXTER AKA
CATRYNA BAXTER AKA
CATRYNA LEIGH SHRUM AKA
KATRINA BAXTER
    Defendant, and
MATHEW ALAN BAXTER, AKA
MATHEW A BAXTER AKA
MATHEW BAXTER AKA
MAT BAXTER AKA
MATTHEW BAXTER
    Defendant, and
JOHN DOE
    Defendant, and
JANE DOE
    Defendant.
STATE FARM MUTUAL AUTOMOBILE
  INSURANCE COMPANY
    Defendant

**No. CJ-2017-866**
**(Civil relief more than $10,000: FORECLOSURE)**

Filed: 03/07/2017

Judge: Cantrell, Daman H.

## PARTIES

BAXTER, CATRYNA LEIGH, Defendant
BAXTER, MATHEW ALAN, Defendant
CARTER, DONNA, Plaintiff
State Farm Mutual Automobile Insurance Company, Defendant

## ATTORNEYS



**EXHIBIT**
**10**

**Attorney**

Gladd, John S (Bar #12307)
1500 PARKCENTRE
525 S. MAIN, STE. 1500
TULSA

**Represented Parties**

State Farm Mutual Automobile Insurance Company,

| Attorney | Represented Parties |
|---|---|
| PERRINE, SAMUEL T (Bar #32165)<br>2202 E 49TH ST<br>SUITE 400<br>TULSA, OK 74105 | CARTER,  DONNA |
| TRUSKETT, JOHN  PAUL (Bar #20550)<br>TRUSKETT LAW FIRM PLLC<br>2202 EAST 49TH ST<br>STE 400<br>TULSA, OK 74105 | CARTER,  DONNA |
| Wakeman, Andrew  G. (Bar #21393)<br>1500 Park Centre<br>525 S. Main<br>Tulsa, OK 74103 | State Farm Mutual Automobile Insurance Company, |
| Wiehl, Ryan  Steven  (Bar #32893)<br>2202 E 49TH ST STE 400<br>TULSA, OK 74105 | CARTER,  DONNA |

# EVENTS

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Tuesday, October 3, 2017 at 10:00 AM<br>    SCHEDULING CONFERENCE....JOHN TRUSKETT, PL....JOHN GLADD,DF | | Daman H. Cantrell | |
| Wednesday, May 30, 2018 at 10:30 AM<br>    PRETRIAL CONFERENCE.....SAMUEL PERRIEN, PL....JOHN GLADD,DF | | Daman H. Cantrell | |

# ISSUES

for cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**        Issue: FORECLOSURE (FORE)
           Filed By: CARTER, DONNA
           Filed Date: 03/07/2017

| Party Name | Disposition Information |
|---|---|
| **Defendant:** | |
| State Farm Mutual Automobile Insurance Company | |
| **Defendant:** BAXTER, CATRYNA LEIGH | **Disposed: DISMISSED - WITH PREJUDICE,** 08/24/2017. Other |
| **Defendant:** BAXTER, MATHEW ALAN | **Disposed: DISMISSED - WITH PREJUDICE,** 08/24/2017. Other |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 03-07-2017 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 03-07-2017 | FORE | FORECLOSURE | | | |
| 03-07-2017 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.0( |
| 03-07-2017 | PFE1 | PETITION | | | $ 163.0( |
| | | Document Available (#1035801703) 🖹TIFF   📄PDF | | | |
| 03-07-2017 | PFE7 | LAW LIBRARY FEE | | | $ 6.0( |
| 03-07-2017 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.0( |
| 03-07-2017 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.5! |
| 03-07-2017 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.0( |
| 03-07-2017 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.0( |
| 03-07-2017 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.0( |
| 03-07-2017 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.1( |
| 03-07-2017 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.4! |
| 03-07-2017 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.2: |
| 03-07-2017 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.7! |
| 03-07-2017 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.5( |
| 03-07-2017 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.5( |
| 03-07-2017 | LTF | LENGTHY TRIAL FUND | | | $ 10.0( |
| 03-07-2017 | SMF | SUMMONS FEE (CLERKS FEE) - 2 - | | | $ 20.0( |
| 03-07-2017 | SMIP | SUMMONS ISSUED - PRIVATE PROCESS SERVER (2) | | | |
| 03-07-2017 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CANTRELL, DAMAN H. TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 03-07-2017 | ACCOUNT | RECEIPT # 2017-3517022 ON 03/07/2017. PAYOR: TRUSKETT LAW FIRM PLLC TOTAL AMOUNT PAID: $ 252.14. LINE ITEMS: CJ-2017-866: $183.00 ON AC01 CLERK FEES. CJ-2017-866: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2017-866: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2017-866: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2017-866: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2017-866: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2017-866: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2017-866: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2017-866: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2017-866: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2017-866: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 06-23-2017 | SMF | SUMMONS FEE | | | $ 10.00 |
| 06-23-2017 | SMIP | SUMMONS ISSUED - PRIVATE PROCESS SERVER | | | |
| 06-23-2017 | AMP | AMENDED PETITION Document Available (#1037397195) 🖹TIFF ⌧PDF | | CARTER, DONNA | |
| 06-23-2017 | ACCOUNT | RECEIPT # 2017-3585950 ON 06/23/2017. PAYOR: TRUSKETT LAW FIRM TOTAL AMOUNT PAID: $ 10.00. LINE ITEMS: CJ-2017-866: $10.00 ON AC01 CLERK FEES. | | | |
| 08-04-2017 | EAA | SPECIAL APPEARANCE AND REQUEST FOR ENLARGEMENT OF TIME IN WHICH TO FURTHER ANSWER OR PLEAD / COVER SHEET Document Available (#1037774790) 🖹TIFF ⌧PDF | | State Farm Mutual Automobile Insurance Company | |
| 08-16-2017 | EAA | SPECIAL APPEARANCE AND MOTION TO DISMISS OF DEFENDANTS CATRYNA BAXTER AND MATHEW BAXTER FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED / A2J Document Available (#1037900437) 🖹TIFF ⌧PDF | | BAXTER, CATRYNA LEIGH | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 08-17-2017 | CTFREE | MINUTE ORDER: GRANTED - SPEICAL APPEARANCE AND REQUEST FOR ENLARGMENT OF TIME IN WHICH TO FURTHER ANSWER OR PLEAD WITHIN 20 DAYS OR UNTIL 8-24-17. | | | |
| 08-24-2017 | DWP | DISMISSAL WITH PREJUDICE OF DEFENDANTS CATRYNA BAXTER AND MATHEW BAXTER ONLY<br>Document Available (#1037772753) 📄TIFF   📄PDF | | BAXTER, CATRYNA LEIGH | |
| 08-24-2017 | DISPCVDMWP | DISMISSAL WITH PREUDICE | 1 | BAXTER, CATRYNA LEIGH | |
| 08-24-2017 | DISPCVDMWP | DISMISSAL WITH PREUDICE | 1 | BAXTER, MATHEW ALAN | |
| 08-24-2017 | A | DEFENDANT STAET FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S PETITION<br>Document Available (#1037896388) 📄TIFF   📄PDF | | State Farm Mutual Automobile Insurance Company | |
| 09-12-2017 | MO | PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE / CERTIFICATE OF SERVICE<br>Document Available (#1038230890) 📄TIFF   📄PDF | | CARTER, DONNA | |
| 09-18-2017 | CTFREE | MINUTE ORDER: ORDER ENTERED SETTING CASE FOR SCHEDULING CONFERENCE ON 10-3-17 AT 10:00 AM. | | | |
| 09-18-2017 | O | ORDER FOR SCHEDULING CONFERENCE<br>Document Available (#1038227049) 📄TIFF   📄PDF | | | |
| 10-03-2017 | CTFREE | CLERK'S MINUTE: SCHEDULING CONFERENCE SET FOR 10-3-17 IS STRICKEN AND PARTIES WILL SUBMIT AN AGREED ORDER WITHIN 10 DAYS. | | | |
| 10-06-2017 | CTFREE | MINUTE ORDER; AGREED SCHEDULING ORDER ENTERED; PRETRIAL CONFERENCE SET FOR 5-30-18 AT 10:30 AM. | | | |