# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DONNA CARTER,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,

    Defendants.

Case No. 17-CV-563-CVE-FHM

## OPINION AND ORDER

Defendant State Farm Mutual Automobile Insurance Company's Motion to Compel, [Dkt. 26], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 26, 27, 28], and is ripe for decision.

Discovery was mailed to Plaintiff on November 2, 2017. Plaintiff's responses were mailed on December 2, 2017. On January 3, 2018, counsel for Defendant sent a letter outlining the deficiencies in the responses and requested to meet and confer. A meet and confer was held on February 7, 2018. Plaintiff's counsel promised to supplement the responses, but as of the date the motion to compel was filed, April 6, 2018, no responses had been forthcoming. Plaintiff provided supplemental responses on the same day the response to the motion to compel was filed, April 23, 2018.

The court finds that Plaintiff's initial discovery responses are unacceptable. A fair reading of Plaintiff's discovery responses suggests they were designed to provide little to no responsive information and delay or resist setting forth the specific facts and circumstances which she contends support her claims. Plaintiff interposed inapplicable

objections[1] to every discovery request and failed to provide responses to some basic innocuous discovery requests. If the plainly stated requirements of Fed.R.Civ.P. 26 were not sufficient to put Plaintiff's attorneys on notice of the requirements imposed on parties and counsel to respond to discovery, this court has recently informed these same attorneys, John Paul Truskett OBA # 20550 and Samuel T. Perrine OBA # 32165, of their obligations.

In *Grubaugh v. CSAA*, Case No. 17-CV-273-JED-FHM, Attorneys Truskett and Perrine were counsel for Plaintiff. Defendant in that case filed a motion to compel after Plaintiff provided similarly unacceptable discovery responses and counsel failed to respond to several requests for a meet and confer. The order entered disposing of the motion to compel advised:

> It is unacceptable to answer every discovery request with a string of general unsupported objections. Such objections evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Furthermore, when discovery responses are provided "subject to" boilerplate objections or "without waiving objections" with no regard to the

---

[1] Interrogatory No. 1 stands as an example of the nonsensical and inapplicable objections interposed:
> Interrogatory No. 1: State all personal information about yourself. Specifically, full name, previous names known by, social security number, driver's license number, date of birth, address, present telephone number, present employer, and present employer's telephone number.
>
> Response: Objection, compound, irrelevant, private/confidential information, public information is equally available to Defendant, vague, confusing, unlimited timeframe, irrelevant.

[Dkt. 26, p. 4].

> applicability of those objections, it is unclear whether the discovery request has received a complete response. In addition, such objections may violate the requirement of Fed.R.Civ.P. 26(g)(1)(B) that every objection is warranted by existing law or a nonfrivolous legal argument and not interposed for delay.
>
> The objection that a discovery request is vague or ambiguous can almost always be resolved by phone calls or meetings between counsel. Therefore the objection that a discovery request is vague or ambiguous should almost never appear in a discovery response. The court expects that the additional supplement to Plaintiff's discovery responses will not contain these or other specious objections.

*Grubaugh v. CSAA General Insurance Co.*, 2018 WL 445108, *1 (N.D. Okla., Jan. 16, 2018). The order in *Grubach* was entered on January 16, 2018, after the initial discovery responses at issue in this case, but before the meet and confer in this case, before the April 6 filing of the instant motion to compel, and before the April 23, 2018 letter from Attorney Perrine that purports to be a supplemental discovery response. [Dkt. 27-1]. Counsel for Plaintiff were thus made personally aware that what appear to be their standard objections to routine discovery are not acceptable.

The problem with interposing baseless objections as Plaintiff's counsel have done in this case is not rectified or ameliorated by making supplemental responses after the opponent has been put to the trouble of filing a motion to compel. At a bare minimum, the actions of Plaintiff's attorneys have delayed Defendant's receipt of basic information by months. The court rejects Plaintiff's assertion that Defendant's motion is premature. Fed.R.Civ.P. 33(b)(1)(B)(2) and 34(b)(2)(A) provide that discovery responses are due within 30 days after being served. Taking an obstructionist discovery posture does not serve to lengthen this time frame.

Under Fed.R.Civ.P. 37(a)(5)(A), unless conditions not present here exist, when a motion to compel is granted or when requested discovery is provided after a motion to compel is filed, the court must require the party whose conduct necessitated the motion or counsel advising the conduct to pay the reasonable expenses in making the motion, including attorney fees. In view of the similar discovery problems encountered in *Grubach* and in view of the fact that the same attorneys are involved, the court finds that Plaintiff's counsel, Perrine and Truskett, are responsible for the current discovery problems and that it is appropriate for the expenses of the instant motion, including attorney fees to be assessed against them. Counsel have had an opportunity to be heard on this topic in the form of their response to the motion to compel. That response contains no excuse or justification for their resistance to discovery. Contrary to the assertions contained in Plaintiff's response brief, the court sees no abuse in Defendant's discovery.

The following discussion addresses the matters identified in Defendant's reply brief as being outstanding after Plaintiff's supplemental responses.

<u>Identity of Plaintiff's Health Care Providers</u>

In this personal injury case, Plaintiff claims physical and mental injuries as part of her damages. Defendant sought discovery of the identities of Plaintiff's health care providers, in part, to see if there were other possible causes or contributors to Plaintiff's injuries. Plaintiff objects to providing the identities of any health care providers other than those Plaintiff determines are related to the body parts at issue in the case.

Plaintiff relies on *Nitzel v Jackson*, 879 P.2d 1222 (Okla. 1994) and 12 Okla.Stat. §2503 as authority for resisting disclosure of the identity of Plaintiff's other health care providers. On their face, these authorities do not provide any protection from discovery of the identity of Plaintiff's health care providers. *Nitzel* holds, in part, that the patient-physician privilege is waived only to the extent of the condition claimed to have been caused by the negligence and that filing a personal injury claim does not require a plaintiff to execute a general authorization which would enable the defendant to obtain all of the plaintiff's medical records. Answering a question about the identity of past health care providers does not equate to signing a blanket medical release. Nor does answering the question disclose any communications between Plaintiff and her health care providers so as to implicate any privilege.

While it is certainly understandable and proper for Plaintiff to want to protect her privacy in her unrelated medical history, Defendant also has a strong interest in discovering whether there were other causes or contributors to the injuries Plaintiff is claiming. Plaintiff's approach leaves Defendant with only Plaintiff's unilateral determination of what medical history is related and what is not. At this point, Defendant is only seeking the identities of Plaintiff's health care providers, not the medical records or communications with the health care providers. In this situation, the balance supports granting the discovery. Defendant's motion is granted as to Interrogatory No. 2.

If after receiving the identities of Plaintiff's health care providers Defendant seeks discovery from Plaintiff's health care providers, the court expects good faith cooperation and communication between counsel. This cooperation and communication may include

5

a discussion concerning the general nature of Plaintiff's prior health care so that the discovery does not unnecessarily intrude on unrelated areas.

## Interrogatory Nos. 22, 23, 24, 25

These interrogatories seek an explanation of the factual support for particular allegations in Plaintiff's amended petition. Plaintiff initially interposed a litany of inapplicable objections which she has made no effort to defend in her response brief. In her supplemental response Plaintiff made a verbatim recitation of some of the allegations contained in her amended petition. Plaintiff's supplemental responses do not sufficiently answer the interrogatories. Fed.R.Civ.P. 33(a)(2) provides that an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.

Defendant State Farm Mutual Automobile Insurance Company's Motion to Compel, [Dkt. 26], is granted as to Interrogatory Nos. 22, 23, 24, 25.

## **Conclusion**

Defendant State Farm Mutual Automobile Insurance Company's Motion to Compel, [Dkt. 26], is GRANTED as set out herein. Plaintiff and her counsel are advised that failure to provided properly executed discovery responses in accordance with this order may result in further sanctions under Fed.R.Civ.P. 37.

The REASONABLE expenses incurred in making the motion to compel, including REASONABLE attorney's fees, are assessed against Plaintiff's attorneys John Paul Truskett, OBA # 20550, and Samuel T. Perrine, OBA # 32165. Counsel for the parties are

directed to meet and confer about the amount. If no agreement can be reached, Defendant may file a motion for the court to determine the amount.

SO ORDERED this 6th day of June, 2018.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE